IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDY ANDERTON,
*f.k.a.,* BRANDY MORGAN,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendant.                                                  No. 12-cv-46-DRH

ORDER

HERNDON, Chief Judge:

This case requires the Court to determine whether a plaintiff's failure in Illinois state court to respond to defendant's requests to admit, which sought to establish the amount in controversy and is deemed an admission of the facts set forth in the requests under Illinois Supreme Court Rule 216 ("Rule 216"), constitutes receipt by the defendant from which it may first be ascertained that the case is one which or has become removable. The Court finds that it does, resulting in defendant Wal-Mart Stores, Inc.'s notice of removal being untimely filed in this Court. Thus, plaintiff Brandy Anderton's motion to remand (Doc. 9) is granted. The case is remanded back to state court for further proceedings.

I. Background

On July 5, 2011, plaintiff filed her complaint in St. Clair County circuit court (Doc. 2-4), alleging a claim of negligence against defendant arising out of an incident where plaintiff was allegedly injured while working in defendant's stockroom.

Notably, in plaintiff's complaint, plaintiff alleged that she was a "resident" of Missouri and claimed damages in excess of $50,000. On August 15, 2011, defendant mailed to plaintiff its request to admit (Doc. 5-1), requesting plaintiff to admit the following matters: "1) That the amount in controversy exceeds $75,000, exclusive of interest and costs."; "2) That plaintiff is seeking more than $75,000, exclusive of interest and costs, in damages in this case."; and "3) That plaintiff is a citizen of the State of Missouri." (Doc. 5-1). The requests to admit also contained the following warning, highlighted in bold, before the requests: "**WARNING: If you fail to serve the response required by Rule 216 within 28 days after you are served with this paper, all the facts set forth in the requests will be deemed true and all documents described in the requests will be deemed genuine.**" (Doc. 5-1).[1]

The same day, defendant filed a motion to dismiss (Doc. 6-2), contending that plaintiff failed to allege with any specificity how she was injured or what caused her alleged injury. Defendant also submitted interrogatories and requests to admit to plaintiff on August 15, 2011. On September 15, 2011, plaintiff filed a motion for leave to file an amended complaint (Doc. 6-7). Plaintiff failed to respond to defendant's request to admit, interrogatories, and requests for production, and on October 11, 2011, defendant filed a motion to compel (Doc. 6-1) plaintiff to respond to the interrogatories and requests for production served on plaintiff on September 20, 2011. On December 21, 2011, a hearing was held on defendant's motion to

---

[1]This warning is required by Rule 216(g). Ill. Sup. Ct. R. 216(g).

dismiss and motion to compel. The circuit court granted defendant's motion to dismiss without prejudice and motion to compel, giving plaintiff twenty-one days to file an amended complaint and responses to defendant's discover requests. On January 11, 2012, plaintiff filed her amended complaint (Doc. 2-6) against defendant. Defendant also received plaintiff's responses to defendant's interrogatories and requests for production on the same day.

On January 17, 2012, defendant filed its notice of removal (Doc. 2) in this Court on the basis of diversity. In the notice of removal, defendant alleged that complete diversity existed between the parties as plaintiff was a citizen of the State of Missouri at the time of the commencement of the lawsuit and because defendant was a citizen of the States of Delaware and Arkansas, its state of incorporation and principle place of business, respectively. Defendant also alleged that the amount in controversy exceeded $75,000,"[b]ased on plaintiff's allegations of 'severe and debilitating injuries' and past and future medical expenses and wage loss in the [a]mended [c]omplaint, plaintiff's claimed wage loss of 'approximately $46,000 to date,' and the extensive medical treatment identified in Dr. Matz's IME Report, including two lumbar surgeries, a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000 exclusive of interest and costs." (Doc. 2). Defendant claimed that the "notice of removal was filed within thirty days of counsel for defendant's receipt of plaintiff's [a]mended [c]omplaint and her responses to defendant's interrogatories and requests for production, which established that the amount in controversy exceeded $75,000.00 and that the district

Page 3 of 12

courts have jurisdiction over the matter pursuant to 28 U.S.C. § 1446(b)."

The next day, on January 18, 2012, plaintiff filed its motion to remand (Doc. 5), contending that defendant failed to remove the case from circuit court within thirty days after it first became ascertainable that the citizenship of the parties was diverse and the amount in controversy exceeded $75,000. Plaintiff based its argument on the fact that on August 15, 2011, defendant served requests to admit upon plaintiff pursuant to Rule 216 seeking to conclusively establish diversity of citizenship between plaintiff and defendant, and that the amount in controversy exceeded $75,000, exclusive of interest and costs. Plaintiff asserts that by failing to respond to the requests to admit by the twenty-eighth day following defendant's service of the requests, it was admitted by operation of law that the amount in controversy exceeded $75,000, and that plaintiff was a diverse citizen. Thus, plaintiff avers that defendant had thirty days following the twenty-eighth day after plaintiff was served with the requests to admit to remove this case to federal court.

Defendant filed a memorandum in opposition to plaintiff's motion to remand, (Doc. 7), maintaining that defendant removed this case immediately upon receipt of plaintiff's discovery requests, which for the first time established that the amount in controversy exceeded $75,000. Further, citing *Deboe v. Flick*, 526 N.E.2d 913, 916 (Ill. App. Ct. 1988), defendant argues that a party's failure to respond to requests to admit under Illinois Supreme Court Rule 216 does not automatically render the requests admitted. Furthermore, defendant posits that plaintiff's failure to respond to the requests to admit did constitute "receipt by defendant" of an "amended

Page 4 of 12

pleading, motion, order or other paper" as required by federal law to trigger the thirty-day deadline to remove. See 28 U.S.C. § 1446(b)(3). For the reasons that follow, plaintiff's motion to remand (Doc. 5) is granted. This case is dismissed and remanded back to state court for further proceedings.

## II. Analysis

It is well known that removal is proper over any action that could have been filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. See *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997). Still, "[t]here is no presumption against federal jurisdiction in general, or removal in particular." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). "A 'defect in the removal procedure' normally requires remanding a case that has been removed under section 1446(a)." *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (citing 28 U.S.C. § 1447©). Still, the thirty-day removal deadline is not jurisdictional, and a totally inconsequential defect in removal papers does not deprive the district court of jurisdiction over a case removed to it. *Walton*, 643 F.3d at 998-99.

This case was removed here on the basis of diversity jurisdiction. "For good or ill, Congress has authorized the removal of cases in which the parties are of

diverse citizenship and the states exceed $75,000." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999). "When either side to such a suit prefers the federal forum, that preference prevails." *Id.*

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd.*, 637 F.3d at 830. "Only jurisdictional facts, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence." *Id.* "[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Id.* "Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). "[E]vents after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following removal does not permit remand." *Back Doctors Ltd.*, 637 F.3d at 830 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("though, as here, the plaintiff after

removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction")).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at (b)(3). "[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id.* at (c)(3)(A).

The Illinois Rules of Civil Procedure prohibit a plaintiff seeking personal injury relief from praying for specific relief. See 735 ILL. COMP. STAT. 5/2-604 (2012) ("In actions for injury to the person, any complaint filed which contains an ad damnum, except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed, shall, on motion of a defendant or on the court's own motion, be dismissed without prejudice."); *Chase v. Shop 'N Save Warehouse*

*Foods*, 110 F.3d 424, 427 (7th Cir. 1997). This rule frustrates a defendant's ability to determine the amount in controversy solely from the complaint. *Chase*, 110 F.3d at 427. "Despite the Illinois ad damnum[2] restriction, a plaintiff who claims more than $ 15,000 in damages, but who wants to proceed in state court, can control her forum by following this court's advise in *In re Shell*: 'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *Id.* at 430 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). Disclaimers that are non-binding are not enough and have no legal effect. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Thus, "if the plaintiff does not stipulate to damages of $ 75,000 or less, 'the inference arises that he thinks his claim may be worth more.'" *Id.* (quoting *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)). Whether $75,000 is actually recovered is immaterial; "what matters is the amount put in controversy on the day of removal." *Oshana*, 472 F.3d at 513 (citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)).

Pursuant to Rule 216 "[a] party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." Ill. Sup. Ct. R. 216(a). "Each of the matters of fact . . . of which

---

[2]"In pleading, 'To the damage.' The technical name of that clause of the writ, declaration, or, more commonly, the complaint, which contains a statement of the plaintiff's money loss, or the damages which he claims. Fed.R.Civ. P. 8(a). Such clause informs an adversary of the maximum amount of the claim asserted without being proof of actual injury or of liability." BLACK'S LAW DICTIONARY 23 (Abridged 6th ed. 1991).

admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." *Id.* at (c). "'[The] failure to conform one's response to [the] requirements of this rule [has] been held to be [an] admission[] of the truth of the fact asserted.'" *Fritzsche v. Union Pac. R.R. Co.*, 707 N.E.2d 721, 726 (Ill. App. Ct. 1999) (quoting *Roth v. Carlyle Real Estate Ltd. P'ship*, 472 N.E.2d 836, 839 (Ill. App. Ct. 1984)). "[W]hen a fact is properly included in a request to admit, and the served party does not respond or object to the request, that fact is deemed admitted." *P.R.S. Int'l, Inc. v. Shred Pax Corp.*, 703 N.E.2d 71, 77 (Ill. 1998). "Although requests to admit are often classified as a discovery device and treated as such in practice [citation], 'the purpose of admissions is not to discover facts but rather to establish some of the material facts in a case without the necessity of formal proof at trial.'" *Id.* "[T]he failure to respond to a request to admit an ultimate fact constitutes an admission which may give rise to a grant of summary judgment." *Id.* at 78.

Here, it is undisputed that the parties are completely diverse and that the amount in controversy has been met in this case. The only issue that remains is whether this case has been timely removed, and if not, whether the Court should

remand the case back to state court. In making this determination, the Court will first address defendant's argument that plaintiff's failure to respond to the requests to admit in state court did not trigger the thirty-day deadline to remove the matter because, under Illinois law, a party's failure to respond to requests for admissions under Rule 216 does not automatically render the requests admitted. In support defendant cites to *Deboe*. Despite defendant's arguments to the contrary, the circumstances here are distinguishable from *Deboe*.

In *Deboe*, a prescriptive easement case between neighbors, the plaintiffs, citing to Rule 216, argued that the defendants admitted the requirement of adverse use by failing to properly or timely file a response to their request to admit facts. 526 N.E.2d at 916. The Illinois appellate court, however, rejected this argument, noting that application of Rule 216 is not automatic because the trial court has discretion to allow late filings in order to prevent injustice. *Id.* Furthermore, the court noted that by introducing evidence at trial on the very facts contained in the request to admit, the plaintiffs gave up any right to rely on the defendants' "admissions." *Id.* The court held that "[a] party wishing to rely on an admission requested, but not answered, must raise the failure to respond at some point during the trial before the failure to respond will have any effect." *Id.* (citing *Saddle Hills Cmty. Assoc. v. Cavallari*, 501 N.E.2d 330, 333 (Ill. App. Ct. 1986)). Because the plaintiffs made no mention at trial of the defendant's failure to timely and properly respond to their request, the court chose to "ignore the supposedly admitted facts contained in the [the plaintiff's] request to admit." *Deboe*, 526 N.E.2d at 916.

The case here is clearly distinguishable from *Deboe*. First, this case is not a case that has proceeded to trial and where evidence has been presented on a fact that was deemed admitted. To the contrary, plaintiff is attempting to rely on its own admissions, which were sought out by defendant, to show that defendant untimely removed this case to federal court. This is more akin to the situation in *P.R.S. Int'l, Inc.*, where the Illinois Supreme Court held that the "[t]he failure to respond to a request to admit an ultimate fact constitutes an admission which may give rise to a grant of summary judgment." *P.R.S. Int'l, Inc.*, 703 N.E.2d at 77.

Here, defendant clearly served the requests to admit on plaintiff in order to determine whether diversity jurisdiction existed in this case. In fact, defendant warned plaintiff, as required by the rules, that plaintiff's failure to serve a response as required by Rule 216 within 28 days after being served, would result in all the facts set forth in the requests being deemed true. Nevertheless, defendant dropped the ball when it failed to remove this case to federal court within thirty days after the twenty-eight day time period in which plaintiff had to respond to the requests to admit. Certainly, if defendant can benefit from this tactic to establish diversity jurisdiction, see *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 n.1 (7th Cir. 2008), then so can plaintiff to establish that defendant has not complied with the rules for removal. See *Oshana*, 472 F.3d at 512 ("Oshana cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount.").

With regard to defendant's next argument that plaintiff's failure to respond to

the requests to admit did not constitute "receipt by defendant" of an "amended pleading, motion, order or other paper" as required by federal law to trigger the thirty-day deadline to remove, the Court disagrees. The removal statute specifically provides that "[i]nformation relating to the amount in controversy in the record of the State proceeding, or in response to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). Clearly plaintiff's failure to respond to defendant's request to admit is "[i]nformation relating to the amount in controversy in the record of the State proceeding" which "shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). Indeed, that is obviously the reason defendant filed the requests to admit in the first place. Thus, the Court finds defendant's arguments to be without merit.

### III. Conclusion

For the reasons stated above, plaintiff's motion to remand (Doc.5) is granted. The case is remanded back to state court for further proceedings.

**IT IS SO ORDERED.**

**Signed this 15th day of August 2012.**

Digitally signed by
David R. Herndon
Date: 2012.08.15
17:00:51 -05'00'

**Chief Judge**
**United States District Court**